IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY DARNELL MANNING, # 346-595     \*

v.     \*     Civil Action No. CCB-12-2699

BETTY JOHNSON     \*

    \*

**MEMORANDUM**

On October 5, 2012, the court granted Larry Darnell Manning (Manning) twenty-one days to supplement his complaint and file a motion to proceed in forma pauperis. Further, the court ordered counsel from the Maryland Attorney General's Office to file an emergency show cause response to Manning's claim of danger of imminent harm from inadequate medical care. (ECF No. 1, Complaint). After reviewing the emergency response filed by the Maryland Attorney General (ECF No. 4), the court concludes that emergency injunctive relief is unwarranted.

**I.  BACKGROUND**

Manning, who is an inmate currently incarcerated at Patuxent Institution, claims that he has been denied necessary diagnostic tests for possible multiple myeloma and kidney problems. Specifically, he claims that he has not been provided bone marrow and kidney biopsies ordered for him. (Complaint).

**II.  FACTS**

According to the declaration of Kasahun Temesgen, M.D., regional Medical Director for Wexford Health Resources, Inc., the contractual medical provider for State of Maryland inmates, Manning is a 41 year-old with chronic kidney disease, including progressive kidney failure associated with Hepatitis C and a history of intravenous drug use for which he is under nephrology follow-up. (Response, Exhibit 1).

On September 17, 2012, Manning was hospitalized with severe anemia. He received a blood transfusion and several tests, including a kidney biopsy. (Exhibit 1 at 2 [e-mail from Dr.

Temesgen]; Exhibit 2 at 39-40). A primary care doctor at Patuxent was to discuss the biopsy results with Manning (Exhibit 1 at 2 [e-mail from Dr. Temesgen]).

Manning missed his hematology oncology appointment for a bone marrow biopsy in July of 2012. (Exhibit 1 at 2.) Because Manning's anemia appeared to be due to his kidney disease, he was to be scheduled to have a follow up with a nephrologist to ascertain whether a bone marrow biopsy was indicated. (*See id*.)

## DISCUSSION

To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir.1991) (citation omitted).

There is neither a factual nor legal basis to grant emergency injunctive relief in this case. The verified exhibits submitted show that Manning is receiving medical care for his renal condition and has already received the kidney biopsy he seeks. Additionally, he is being monitored to ascertain whether a bone marrow biopsy is necessary. Under these circumstances, there is no likelihood that Manning is likely to succeed on the merits or that he can show he will suffer irreparable harm absent injunctive relief. The balance of equities does not favor Manning, and an injunction addressing his health care management would not be in the public interest.

### III. CONCLUSION

For the foregoing reasons, emergency injunctive relief will be denied. Manning is reminded that he must comply with the court's earlier order to supplement the complaint and file a motion to proceed in forma pauperis or submit the filing fee (copy enclosed). Failure to comply within 14 days may result in dismissal of this case without prejudice. A separate order follows.

<u>November 8, 2012</u>                    _____/s/_____
Date                                          Catherine C. Blake
                                              United States District Judge